UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No.: 9:26CV81039

CRISTIAN GERIEL GODINEZ AND
GENER CHILEL PEREZ
Plaintiffs,

vs.

UNITED STATES OF AMERICA
Defendant
_______________________________________/

**COMPLAINT**

COMES NOW, Plaintiffs, Cristian Geriel Godinez and Gener Chilel Perez, herein file this Complaint against the Federal Bureau of Investigation and allege:

**PARTIES**

1. Plaintiff, Cristian Geriel Godinez, is an individual residing in Palm Beach County, Florida.
2. Plaintiff, Gener Chilel Perez, is an individual residing in Palm Beach County, Florida.
3. Defendant, United States of America, is an appropriate defendant under the Federal Tort Claims At, and subject to no exceptions thereunder. Defendant, United States of America, stands in place of the FBI. This Defendant shall hereinafter be referred to as Defendant, United States of America.
4. At all times material hereto, Joshua Hawkins was an employee and/or agent of the Federal Bureau of Investigation and was acting within the course and scope of his employment.

**JURISDICTIONAL STATEMENT**

5. This action is brought pursuant to the Federal Tort Claims Act and other applicable

provisions of law.

6. This is an action for damages in excess of the jurisdictional minimum of this Court arising out of a motor vehicle collision caused by the negligence of Defendant's employee.

**VENUE**

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this action occurred in Palm Beach County, Florida, and Plaintiffs reside within this judicial district.

**CONDITIONS PRECEDENT**

8. Pursuant to the Federal Tort Claims Act, USA has waived sovereign immunity for the instant negligence claim.

9. All other conditions precedent to the prosecution of this action have occurred, or have been performed, excused, or waived.

10. Plaintiff has previously submitted an administrative claim for the claim set forth below to the Department of Justice, which was then forwarded to and received by the Federal Bureau of Investigation.

11. The agency has failed to resolve the claim within the last six months, and all conditions precedent to filing under the Federal Tort Claims Act have been met.

**FACTS IN SUPPORT OF CLAIMS**

12. On or about October 25, 2024, Joshua Hawkins was operating a vehicle owned, maintained, or controlled by Defendant FBI in Palm Beach County, Florida.

13. At the same time and place, Plaintiff Christian Geriel Godinez was lawfully operating a motor vehicle traveling northbound on Interstate 95 in Boynton Beach, Florida.
14. At the same time and place, Plaintiff Gener Chilel Perez was lawfully occupying the vehicle as a passenger.
15. The collision occurred on the intersection of State Road 804 in an unincorporated area of Palm Beach County, Florida.
16. Joshua Hawkins negligently operated the vehicle and as such caused it to collide with the rear of Plaintiffs' vehicle.
17. As a direct and proximate result of the collision, Plaintiffs sustained bodily injuries, incurred medical expenses, experienced pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, and other damages.

.

**COUNT I – GENER CHILEL PEREZ VS USA**

**NEGLIGENT ENTRUSTMENT**

18. Plaintiff Gener Chilel Perez adopts by reference, as set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 17.
19. On or about October 25, 2024, Defendant USA had a duty to exercise the standard of care of a reasonable prudent person in the ownership, operation, maintenance, and/or entrustment to a safe, careful, and prudent operator of such motor vehicle.
20. At that time and place, Defendant USA breached their duty of care by negligently entrusting Joshua Hawkins with their vehicle.
21. At that date and time, the operator/entrusted Joshua Hawkins was incompetent, reckless, and/or unfit to operate the vehicle in a safe, careful, and prudent manner.

22. At that date and time, Defendant USA knew or should have known the driver was unfit to operate the vehicle.

23. At that date and time, the operator/entrusted Joshua Hawkins unfitness directly caused the accident and damage.

24. The failure of the Defendant to entrust the vehicle to a safe, careful, and prudent operator caused injury to the plaintiff.

25. The operator/entrusted Joshua Hawkins caused the accident by:

    a. Failing to operate the motor vehicle in a safe, careful, and reasonable manner.

    b. Failing to operate the motor vehicle in compliance with state and local traffic laws.

    c. Failing to keep an adequate and proper lookout.

    d. Driving too closely.

    e. Committing such other acts of negligence to be determined through discovery.

26. As a result, Plaintiff suffered bodily injury, medical expenses, loss of earnings, loss of ability to earn money, pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

27. Under the Negligence doctrine, USA is liable for the damages to Plaintiff resulting from the negligent entrustment of such vehicle.

**COUNT II – GENER CHILEL PEREZ VS USA**

**RESPONDENT SUPERIOR**

28. Plaintiff, Gener Chilel Perez, adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

29. On or about October 25, 2024, Joshua Hawkins was employed by the Defendant USA.

30. At the time of the accident, Joshua Hawkins was acting within the scope of his employment.

31. As described in this complaint, Joshua Hawkins was negligent on the occasion in question and such negligence was the actual, proximate and resulting cause of Plaintiff's injuries and damages.

32. As a direct and proximate result, the Plaintiff suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or the aggravation of a previously existing condition.

33. These losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

34. Under the Respondent Superior doctrine, Defendant USA is vicariously liable for the damages to Plaintiff Gener Chilel Perez resulting from the negligent operation of such vehicle by its employee Joshua Hawkins

**COUNT III – CRISTIAN GERIEL GODINEZ VS USA**

**NEGLIGENT ENTRUSTMENT**

35. Plaintiff Cristian Geriel Godinez adopts by reference, as set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 17.

36. On or about October 25, 2024, Defendant USA had a duty to exercise the standard of care of a reasonable prudent person in the ownership, operation, maintenance, and/or entrustment to a safe, careful, and prudent operator of such motor vehicle.

37. At that time and place, Defendant USA breached their duty of care by negligently entrusting Joshua Hawkins with their vehicle.
38. At that date and time, the operator/entrusted Joshua Hawkins was incompetent, reckless, and/or unfit to operate the vehicle in a safe, careful, and prudent manner.
39. At that date and time, Defendant USA knew or should have known the driver was unfit to operate the vehicle.
40. At that date and time, the operator/entrusted Joshua Hawkins unfitness directly caused the accident and damage.
41. The failure of the Defendant to entrust the vehicle to a safe, careful, and prudent operator caused injury to the plaintiff.
42. The operator/entrusted Joshua Hawkins caused the accident by:
    - f. Failing to operate the motor vehicle in a safe, careful, and reasonable manner.
    - g. Failing to operate the motor vehicle in compliance with state and local traffic laws.
    - h. Failing to keep an adequate and proper lookout.
    - i. Driving too closely.
    - j. Committing such other acts of negligence to be determined through discovery.
43. As a result, Plaintiff suffered bodily injury, medical expenses, loss of earnings, loss of ability to earn money, pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

44. Under the Negligence doctrine, USA is liable for the damages to Plaintiff resulting from the negligent entrustment of such vehicle.

**COUNT II – CRISTIAN GERIEL GODINEZ VS USA**

**RESPONDENT SUPERIOR**

45. Plaintiff, Gener Chilel Perez, adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 17, and 35-44.
46. On or about October 25, 2024, Joshua Hawkins was employed by the Defendant USA.
47. At the time of the accident, Joshua Hawkins was acting within the scope of his employment.
48. As described in this complaint, Joshua Hawkins was negligent on the occasion in question and such negligence was the actual, proximate and resulting cause of Plaintiff's injuries and damages.
49. As a direct and proximate result, the Plaintiff suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or the aggravation of a previously existing condition.
50. These losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.
51. Under the Respondent Superior doctrine, Defendant USA is vicariously liable for the damages to Plaintiff Cristian Geriel Godinez resulting from the negligent operation of such vehicle by its employee Joshua Hawkins

**REQUEST FOR TRIAL BY JURY**

52. Plaintiff request trial by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that this Honorable Court enter Judgment:

A. Plaintiff Cristian Geriel Godinez and Gener Chilel Perez hereby demand damages as stated in the complaint from the Defendant for $120,000.00 and costs.

B. Plaintiff Gener Chilel Perez hereby demand damages as stated in the complaint from the Defendant for $100,000.00 and costs.

C. Awarding the Plaintiff reasonable reimbursement for attorney fees, costs, and expenses incurred as allowed under 42 USC 1988, and such other statutes that may be applicable;

D. Awarding all other relief as may be just and appropriate.

DATED: August 21, 2026

**/s/ Rogell Levers**
Rogell Levers, Esq. (FL Bar 069546)
Attorney for Plaintiff
**The Levers Law Firm, Pllc**
1840 Forest Blvd., Ste. 100
West Palm Beach, FL 33406
T: (561) 721-6200; Fax: (561) 721-6202
Email: rxl@leverslaw.com